Gillerson *v.* Small.

JOSIAH GILLERSON *versus* BARTHOLOMEW SMALL & *al.*

The owner of a tract of timber land gave a written permit to A. to cut timber thereon, according to a verbal agreement previously made; but, before the execution of the permit, he gave to B. a permit to cut the timber on the tract, excepting the part engaged to A. In an action by A. against B. and others operating with him, for cutting timber, which A. alleges to be embraced in his permit, it was *Held, that* parol testimony was admissible to prove the permit was written according to the verbal agreement previously made with the owner; *that* the statements of the proprietor, made to the agent of B. when the permit was made to B., of the extent of land engaged to A., were inadmissible to affect the rights of A.

Where the boundaries of a tract depend upon the location of a public lot, the record of such location, made by commissioners, appointed by this Court, is proper evidence to show such location.

The rule, applicable in actions of assumpsit, that, if one defendant is not proved liable, the verdict must be in favor of all the defendants, does not apply in actions of trespass.

ON defendants' EXCEPTIONS from *Nisi Prius,* MAY, J., presiding.

ACTION ON THE CASE, in which the plaintiff claims to recover damages of the defendants for interfering with and cutting certain timber, for the cutting and hauling of which the plaintiff alleges that he had a permit from the owner; and that he was greatly injured and damaged by the said interference and acts of the defendants, whereby he was obstructed and prevented from enjoying his rights under his said permit.

Plaintiff introduced a permit from Samuel A. Gilman to him, dated 3d Nov. 1856, and defendants introduced a permit from said Gilman to B. Small, one of the defendants, dated Oct. 14, 1856. It was conceded by the parties, that Small's permit covered all the land and timber contained in five half-mile strips belonging to said Gilman, excepting that part thereof which had been engaged, by said Gilman, to the plaintiff, before giving the said permit to said Small. The part engaged to plaintiff being excepted in Gilman's permit to Small.

The plaintiff testified that, in Sept. 1856, he agreed with Gilman for a permit for two teams, during the next lumbering

season; which agreement Gilman was to put in writing, to be signed by the parties; that the permit, dated Nov. 3, 1856, was made in accordance with the agreement made by him and Gilman in September.

The defendants contended, that the line claimed by plaintiff as the south line of Gilman's two and a half mile strip, was not so far south, by one-fourth of a mile, as the true line; and, therefore, the plaintiff's north line was one-fourth of a mile further south than the plaintiff claimed it to be. The plaintiff, to show the location of the public lots in said township, offered in evidence, subject to defendants' objection, a duly certified copy of the record of the petition for their location, and the proceedings thereon in Court, setting apart and establishing the same, including the return of the commissioners appointed by the Court, and the acceptance of the same by the Court — which copy was admitted against the objection of defendants.

To show the jury what territory was intended to be included in Small's permit, and what excluded therefrom by the exceptions therein, the following questions were propounded to Rufus Mansur, who, it appeared, had acted as the agent of defendant Small, in obtaining his permit, and who had testified that, although he had been upon the premises, he had no knowledge, except that derived from the plans, and from said Gilman, in relation to the boundaries and limits thereof. 1. What are the limits described in Small's permit? 2. What is the territory embraced in that permit? Will you show it to the jury on the plan? (referring to a plan used as chalk at the trial.) 3. Show the jury the territory exempted in that permit. The objection of plaintiff's counsel to these questions was sustained.

Defendants' counsel further inquired of the witness what agreement he made with Gilman, (at a particular time, some four or five days prior to the date of Small's permit,) and what the agreement was when the permit was executed; and what were the bounds agreed upon. The plaintiff objecting, these questions were excluded.

Two letters from Gilman to Small, and one from Mansur to Small, received by Small after the date of his permit, were offered by defendants and excluded.

There was evidence tending to show that Gilman had waived the performance of certain conditions, to be performed by plaintiff. The counsel of defendants requested the Judge to instruct the jury " that, if the evidence satisfied them that the labor of the men was not paid in advance, nor a release in writing delivered to the grantee from the persons employed in cutting and hauling, before any labor was performed by them, then the plaintiff had no such right as would enable him to recover." This instruction, the Judge declined to give, as, in his judgment, the non-performance of these conditions could not be taken advantage of by the defendants.

The verdict was for the plaintiff, and against all the defendants. The jury found specially that Gilman had waived the non-performance of conditions, before the acts complained of had been done by defendants.

The defendants' counsel requested the Judge to instruct the jury " that there must have been, at least, some one trespass, prior to the date of the writ, in which all the defendants participated by counsel, act or otherwise; or some one time, when all were trespassers, before a verdict could be found against any of the defendants;" but the Judge declined so to instruct the jury.

Upon the question of damages, the jury were instructed, that the plaintiff would be entitled to recover of the defendants only such damages as were the natural and direct consequences of their illegal acts, committed upon the territory excepted from Small's permit, and included within plaintiff's permit; that plaintiff could not recover damages for any acts done by his permission, nor for any acts done by defendants which were not committed prior to the date of the writ. The other rulings, excepted to by defendants, sufficiently appear in the opinion of the Court.

*S. H. Blake* and *Tabor*, for defendants.

The permit to Small was *before* the permit to plaintiff—

that is, before Gilman was legally bound by any permit, or plaintiff had any fixed right. And when Gilman made his permit to Small, he could give such territory, with such exceptions as he pleased. When, therefore, Gilman took a plan and marked out on it the territory promised to plaintiff, and told Mansur, Small could have all, excepting that — and Mansur took the permit and guarantied it upon this assurance — Small acquired a right to the territory, with the exception, *as agreed upon between Gilman and Mansur.* And there is nothing in plaintiff's permit, given afterwards, at variance with this idea.

Mansur should have been permitted to state the exception, as pointed out to him by Gilman — for it was before plaintiff had any rights — and to have stated the exception as agreed upon between Gilman and him — that is, the condition upon which he, as Small's agent, assented to the permit, and upon which he, as party to it, guarantied it to Gilman. His statement would not have varied any written contract, it only tended to show what a certain *parol* agreement or exception was. Small takes a permit to cut, excepting where Gillerson was to cut. *Where* was Gillerson to cut? Gilman took a plan and pencil, and marked *where.* The permit does not state where; and how else can we prove this, except by parol, and by Mansur or Gilman, by whom the "where" was limited and agreed upon?

Plaintiff's permit was given *after* Small received his. Gilman could not curtail or limit the permit he had already given to Small. Plaintiff testifies that the *verbal* promise to him was in September, when no writing was made or consideration paid — why shall not Mansur testify to the verbal statement of what plaintiff was to have, and to the fixed, and agreed upon exception in the permit, when he took it and sent it to Small for execution, and he guarantied it?

The instruction requested, as to joint trespassers, should have been given, and that given was erroneous. If a *given act* of trespass is alleged, all who concur in it are liable — those joined in the writ, who did not participate, would be

acquitted. But here is a trespass alleged, extending over a mile square, and continuing from Nov. 10 to the 13th of Feb. following. Now suppose that, on the 10th of November, A. went on alone and cut and carried away twenty trees within plaintiff's permit, and thus was concerned " in injuring plaintiff's operation," and went off the 15th of November, and did not return again or have to do with it further; and suppose B. went on the 10th of February, and left the 12th, having cut fifteen trees to the injury of plaintiff — having had nothing to do with A. — can A. and B. be joined in an action of trespass, and joint damages be assessed against them ?

Or, suppose Small, on the 10th of November, with three men, went on and continued all the time until the 13th of February; but D. worked with them three days in January, and left; and E. worked three days in February, and left; can D. and E. be joined in an action with Small and the three men who were with him all the time, and be assessed for the entire damage done ?

The evidence in this case was, that some of the defendants were there all winter, and others only a few days.

The questions asked Mansur were proper. It was time enough to object when, by his answers, it appeared that he did not know the location on the face of the earth — if he had no right to say what he knew from his knowledge of the plans of the township, and from what Gilman, the proprietor, had told him. The *reason* for his exclusion was bad, because the part excepted (in the permit) was never located by any body on the face of the earth.

*J. Granger* and *Madigan,* for plaintiff.

The rights of the parties must be determined by the written permits. All prior negotiations were merged in the written contracts. Gilman could not affect the rights of plaintiff by any declarations of his, made in the absence of plaintiff. The evidence offered through Mansur, was of that character. It was mere hearsay. Gilman was a competent witness. The letters were *inter alios* and mere hearsay.

Respecting the south line of the territory embraced in the

permit — that was a matter for the jury — the evidence was admissible. The actual location of the tract, on the face of the earth, was established.

Looking at the statements in the bill of exceptions, (upon which the case must be determined, and not on statements of excepting counsel, not found in the bill,) it appears that there was evidence tending to show that all the defendants were concerned in the operation, which it was contended produced the injury. It was of no consequence that they were not all operating every moment during the winter. The instruction does not authorize the jury to find a verdict against any who were not concerned in the operation. The case does not present such a state of facts as counsel for defendants suppose. A careful examination of the bill will show, that all the defendants must be regarded as having been proved to have been concerned in the operation, which occasioned the injury for which the verdict was rendered.

No instruction was requested as to the mode of assessing the damages, and none was given, excepting that the jury could give no damages for the injuries which defendants were not concerned in occasioning; and none for any injuries sustained after the date of the writ. It is not now denied that the proof sustains *a verdict* for the plaintiff. No motion was filed to set aside the verdict because the damages assessed were excessive.

The opinion of the Court was drawn up by

TENNEY, C. J. — The permit, from Samuel A. Gilman to the plaintiff, was dated Nov. 3, 1856, and gave the right, on certain conditions, to the latter to cut and haul pine and spruce timber standing on the land therein described. It was in pursuance of a verbal agreement, made the September previous. The permit from said Gilman to the defendant Small, dated Oct. 14, 1856, conferred the right to cut and haul timber on a tract of land, embracing that referred to in the permit to the plaintiff, but excepted that part engaged to plaintiff. To the portion, therefore, excepted, Small had no right

and he could not dispute the right of the plaintiff, under the permit of the latter, provided the permit to him applied to the land to which the verbal agreement related.

It was contended by the defendants, that the line claimed by the plaintiff, as the south line of Gilman's tract, was not so far south, by the fourth part of a mile, as the true line thereof; and, hence, the plaintiff's north line was the same distance further south than he asserted it to be. This proposition of the defendants was denied; and the plaintiff introduced evidence, subject to objection, that the south line of Gilman's tract was the north line of the public lots in the same township. The plaintiff further introduced the record of the location of the public lots, also subject to objection, to show their situation upon the earth. The record was the proper evidence of the location of the public lots, and evidence of the relative situation of those lots, and of the land referred to, in the permit to the plaintiff, was admissible.

For the purpose of showing the territory intended to be included in the permit to Small, and that intended by the exception in the same permit, the defendants introduced Rufus Mansur, as a witness, who had acted as an agent for Small, and who obtained the permit for him from Gilman; and he testified, that he had no knowledge of the location of the land described in the permit, except that derived from the plans, and from said Gilman, in relation to boundaries and limits thereof. He was asked, what were the limits described in Small's permit; what was the territory embraced therein; and to show it to the jury, on a plan before him, which was used, as chalk only, at the trial; and, also, the territory excepted in the permit to Small. The evidence, so offered, was excluded, upon the plaintiff's objection.

The statements of Gilman to the witness Mansur could not be competent to affect the plaintiff. And the plans, even if taken by order of Court, were unintelligible of themselves; and the defendants were not prejudiced by this ruling, and the acts of Gilman, at the same time, were equally improper.

The testimony of Mansur, offered by the defendants, and

excluded on the plaintiff's objection, that, when the agreement was made between Gilman and Small, Mansur acting as the agent of the latter, Gilman marked on the plan then before them, but not exhibited in Court, the limits of the territory to which the permit was to apply, to be given to the plaintiff afterwards, was incompetent evidence, for the reasons already given.

The written permit to Small was the evidence of the extent of his rights thereunder, and all verbal negotiations and agreements, prior to its execution, tending to vary or control the same, were inadmissible.

The letters of Gilman to Mansur, of October 9, and October 11, 1856, — of Gilman to Small, of October 25, 1856, — and from Mansur to Small, with sketch thereon, of October 20, 1856, could not legally affect, in any degree, the rights of the plaintiff, and were properly excluded.

The instruction requested to be given to the jury, that the plaintiff could not recover, if certain conditions contained in the permit to him had not been fulfilled, became immaterial after the verdict, in any view of the subject, the jury having found that those conditions were waived by Gilman.

The Court was requested to instruct the jury, that one trespass must have been committed prior to the date of the writ, in which all the defendants participated, by counsel, advice, or act, or otherwise, or some one time, when all were trespassers, proved, before a verdict could be found against any of the defendants. This instruction was properly withheld, and the instruction that it was competent for them to find against one, or more, or all the defendants, as the evidence might require, was correct. The Judge, under this request, continued and instructed the jury further, that they could find only against such defendants as were proved to have been concerned in carrying on the operation by which the plaintiff was injured, &c., and if any one or more was not proved to have been engaged in such operation, and in carrying on the same, prior to the date of the plaintiff's writ, they should find such defendants not guilty. We see no error in this.

The instruction requested was upon the assumption, that the rule applicable in an action of assumpsit was the true one in this case, that, if one defendant is not found liable, the verdict must be in favor of all the defendants, which cannot be admitted.

It is, however, insisted that the instruction given under this request authorized the assessment of entire damages against all the defendants, who were guilty of any act of trespass, though some of them may have participated only in a small part of the cutting and hauling complained of. The attention of the Judge was not brought in the request, to the case which the defendants' counsel presents in argument, making the distinction relied upon, and the instruction given was not predicated on such distinction.        *Exceptions overruled.*

RICE, APPLETON, HATHAWAY, CUTTING and GOODENOW, J. J., concurred.

